| | |
|---|---|
| 1 | David A. Rosenfeld (058163) |
|   | WEINBERG, ROGER & ROSENFELD |
| 2 | A Professional Corporation |
|   | 180 Grand Avenue, Suite 1400 |
| 3 | Oakland, California 94612-3752 |
|   | Telephone (510) 839-6600 |
| 4 | Fax (510) 891-0400 |

ORIGINAL
FILED

SEP 2 2 2004

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Attorneys for Petitioner
East Bay Automotive Council

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

EAST BAY AUTOMOTIVE COUNCIL,   ) No. C 04 4015
                               )
            Petitioner,        ) **PETITION TO COMPEL**
                               ) **ARBITRATION**
    v.                         )
                               )
Q & S AUTOMOTIVE, LLC,         )
                               )
            Respondent.        )
_____)

The Petition of Petitioner, respectfully shows:

1. <u>Jurisdiction:</u> Jurisdiction of this Court is based upon 29 U.S.C. §185; 9 U.S.C. §4 and 28 U.S.C. §1337. This is a Petition to Compel arbitration of a labor dispute arising under two collective bargaining agreements.

2. <u>Parties and Intradistrict Assignment:</u> Petitioner is a labor organization within the meaning of 29 U.S.C. §152. It does business within this judicial district. It is a labor organization organized for the purpose of representing its members in their terms and conditions of employment. Petitioner is a joint representative consisting of three affiliated unions: East Bay Automotive Machinists Lodge No. 1546 (affiliated with the Machinists Automotive Trades District Lodge No. 190 of Northern California, a party to this Agreement), Auto, Marine and Specialty

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
180 Grand Ave. Ste. 1400
Oakland, CA 94612-3752
(510) 839-6600

Painters Union, Local No. 1176, and Teamsters Automotive Employees Union, Local No. 78. The employer in this case is located in Oakland, California and thus assignment to the Oakland Division is appropriate.

3. Respondent Q & S Automotive, LLC (the "Employer") is an employer, doing business in this judicial district. It is engaged in an industry affecting interstate commerce within the meaning of 29 U.S.C. §185 and 9 U.S.C. §1.

4. Petitioner and NAC-2000, LLC, were parties to a written collective bargaining agreement. NAC-2000, LLC was commonly known as Neigherbon Porsche/Audi, also known as Negherbon Auto Center, Inc. and was located at 2345 Broadway in Oakland, California. That agreement was for the period of July 1, 2001 through June 30, 2005.

5. Petitioner and Broadway Auto Acquisition, LLC, commonly known as Val Strough Mazda, also known as Val Strough Chevrolet-Mazda-Hyundai located 3330 Broadway, Oakland, California. That agreement was for the period of July 1, 2001 through June 30, 2005.

6. Q & S Automotive, LLC is a limited liability corporation consisting of shareholders Bruce Qvale and Don Strough.

7. Don Strough was previously a shareholder and/or major shareholder in both Broadway Auto Acquisition, LLC and NAC-2000, LLC.

8. Respondent Q & S Automotive, LLC is a successor as that term is defined in <u>Burns International Security Services v. NLRB</u>, 406 U.S. 272 (1972). It has hired a majority of the employees from each of the dealerships and maintains a continuity of operations selling and servicing the same automobiles in the same fashion as previously done by its predecessors, Broadway Auto Acquisition, LLC and NAC-2000, LLC. The dealership is located at 3330 Broadway, Oakland, California.

9. A series of disputes has arisen between Petitioner and Respondent concerning the application of the collective bargaining agreements between Petitioner and Broadway Auto Acquisition, LLC and NAC-2000, LLC. Article XXV of the Agreements states as follows:

**EMPLOYER'S REPRESENTATION**

1. The undersigned warrants asserts and agrees that this document is executed by him with full authority to represent and bind any firm, partnership,

- 2 -

corporation or any other legal change, whatsoever, with respect to the Employer. Any obligation hereunder shall be binding upon any assign, successor, legal representative or lessee of such Employer.

2. <u>Separability Clause</u>: If this Agreement is signed by the members of a partnership, it shall apply to them and each of them individually. In the event of a dissolution of, or termination of said partnership, or in the event of a merger, consolidation or any other legal change whatsoever with respect to any Employer, any obligation hereunder shall be binding upon any assign, successor, legal representative, or lessee of such Employer.

Petitioner contends that Article XXV binds Q & S Automotive, LLC because of the involvement of Don Strough in both NAC-2000, LLC and Broadway Auto Acquisition, LLC as well as Respondent, Q & S Automotive, LLC.

10. Petitioner has requested that Respondent arbitrate this dispute pursuant to the terms of Article XXII, which is the arbitration procedure, attached as Exhibit A. This is plainly a dispute within the meaning of the arbitration clause and subject to arbitration.

11. Respondent's refusal to arbitrate is without any justification and Petitioner should be awarded its attorney's fees. <u>International Union of Petroleum and Indus. Workers v. Western Indus. Maintenance, Inc.</u>, 707 F.2d 425 (9th Cir. 1983); <u>Sheetmetal Workers' International Association, Local Union No. 359 v. Madison Industries, Inc. of Arizona</u>, 84 F.3d 1186, 1191 (9th Cir. 1996).

WHEREFORE Petitioner prays that this court issue an order compelling Respondent to arbitrate the claimed application of the Agreements referred to above with Petitioner. Petitioner furthermore requests attorney's fees and costs, and for such other and further relief as this court deems just and proper.

Dated: September 14, 2004

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: _____
David A. Rosenfeld
Attorneys for Petitioner

1/349528

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
180 Grand Ave. Ste. 1400
Oakland, CA 94612-3752
(510) 839-6600