1  ROBERT G. HULTENG, Bar No. 071293
   PHILIP R. PATURZO, Bar No. 209304
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street, 20th Floor
   San Francisco, CA 94108
4  Telephone: 415.433.1940
   Fax: 415.434.2302
5
   Attorneys for Respondent
6  Q & S AUTOMOTIVE, LLC.

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 EAST BAY AUTOMOTIVE COUNCIL,        Case No. C-04-4015 TEH

12              Petitioner,             RESPONDENT Q & S AUTOMOTIVE,
                                        LLC'S NOTICE OF MOTION AND MOTION
13      v.                              TO DISMISS PETITION TO COMPEL
                                        ARBITRATION; MEMORANDUM OF
14 Q & S AUTOMOTIVE, LLC,               POINTS AND AUTHORITIES IN SUPPORT
                                        OF ITS MOTION TO DISMISS THE
15              Respondent.             UNION'S PETITION TO COMPEL
                                        ARBITRATION
16
                                        [F.R.C.P. 12(b)(1) and 12(b)(6)]
17
                                        Date:       January 3, 2005
18                                      Time:       10:00 a.m.
                                        Courtroom:  12, 19th Floor
19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

RESPONDENT'S MOTION/MPA IN SUPPORT OF MOTION TO DISMISS          Case No. C-04-4015 TEH

TABLE OF CONTENTS

PAGE

I. INTRODUCTION ....................................................................................................... 1

II. SUMMARY OF MATERIAL FACTS ....................................................................... 3

III. LEGAL ARGUMENT ................................................................................................ 4

    A. The Union's Petition To Compel Should Be Dismissed Because The Court Lacks Subject Matter Jurisdiction To Entertain It ........................................ 4

        1. The Employer Is Not Party To A Collective Bargaining Agreement, Thereby Precluding The Court To Compel Arbitration ................................... 5

        2. The NLRB, Within Its Primary Jurisdiction, Is Currently Processing A Challenge To The Union's Representational Status Which Could Potentially Eliminate The Union's Standing To Petition The Court To Compel Arbitration ........................................................................................... 7

        3. Allowing The Union's Petition To Proceed Would Be Futile And Serve To Only Waste The Court's Resources ................................................. 8

    B. The Union's Petition To Compel Arbitration Should Be Dismissed Under FRCP 12(b)(6) For Failure To State A Claim Upon Which Relief Can Be Granted ............................................................................................................... 10

    C. The Union Has Waived Its Right To Assert That The Employer Is Bound By Its Predecessors' Collective Bargaining Agreements ................................. 11

IV. CONCLUSION ........................................................................................................... 12

# TABLE OF AUTHORITIES

PAGE

**CASES**

*Branch v. Tunnel,*
  14 F.3d 449 (9th Cir. 1994) .................................................................................... 4

*Burke v. French Equipment Rental, Inc.,*
  687 F.2d 307 (9th Cir. 1982) ............................................................................. 2, 8

*Carpenters 46 Northern Cal. Counties Conference Bd. v. Zcon Builders,*
  96 F.3d 410 (9th Cir. 1996) ........................................................................ 2, 5, 7

*Golden State Bottling Co. v. NLRB,*
  414 U.S. 168 (1973) ............................................................................................. 5

*H.K. Porter Co. v. NLRB,*
  397 U.S. 99 (1970) ............................................................................................... 6

*Hexton Furniture Co.,*
  111 NLRB 342 (1955) ......................................................................................... 9

*Hotel and Restaurant Employees Union v Marriot Corp.,*
  961 F.2d 1464 (9th Cir. 1992) ............................................................................. 7

*Howard Johnson Co., Inc. v. Detroit Local Joint Exec. Bd.,*
  417 U.S. 249 (1974) ........................................................................................ 3, 10

*Int'l Bhd. of Elec. Workers, Local 532 v. Brink Construction Co.,*
  825 F.2d 207 (9th Cir. 1982) ............................................................................... 8

*Laborers Health and Welfare Trust for Northern California v. Diablo Landscape Inc.,*
  10 Fed. Appx. 421 (9th Cir. 2001) ................................................................. 3, 10

*Local 1547, Int'l Bhd. of Elec. Workers v. Local 959, Int'l Bhd. of Teamsters,*
  507 F.2d 872 (9th Cir. 1975) ........................................................................... 8, 9

*Local No. 3-193 International Woodworkers of America v. Ketchikan Pulp Company,*
  611 F.2d 1295 (9th Cir. 1980). ........................................................................ 5, 8

*Martin Marietta Alum. Inc. v. General Elec. Co.,*
  586 F.2d 143 (9th Cir. 1978) ............................................................................. 12

*NLRB v. Burns International Security Services, Inc.,*
  406 U.S. 272 (1972) ..................................................................................... 2, 5, 6

*Northern California Dist. Council of Hod Carriers, Building and Constr. Laborers,
  AFL-CIO v. Opinski,*
  673 F.2d 1074 (9th Cir. 1982) ............................................................................. 9

*Riehl Estate Management Co.,*
  278 NLRB 393 (1986) ......................................................................................... 6

*Seton Medical Center,*
  317 NLRB 87 (1995) ........................................................................................... 9

*Sheet Metal Workers Int'l Ass'n, Local 359 v. Arizona Mech. & Stainless, Inc.,*
  863 F.2d 647 (9th Cir. 1988) ............................................................................... 7

*Shinto Shipping Co., Ltd. v. Fibrex & Shipping Co., Inc.,*
  572 F.2d 1328 (9th Cir. 1978) ........................................................................... 11

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE

*South Prairie Construction Co. v. Local No. 627, Int'l. Union of Operating Engineers,*
425 U.S. 800 (1976) .................................................................................................... 10

*Tamburello v. Comm-Tract Corp.,*
67 F.3d 973 (1st Cir. 1995) ............................................................................................ 7

*United Association of Journeymen & Apprentices of the Plumbing & Pipefitting Industry v. Valley Engineers,*
975 F.2d 611 (9th Cir. 1992) ................................................................................. 2, 5, 7

*United States v. Western Pacific R.R. Co.,*
352 US 59 (1956) ..................................................................................................... 8, 9

*United Steelworkers v. Warrior & Gulf Navigation Co.,*
363, U.S. 574 (1960) ..................................................................................................... 4

*Whiteside v. Teltech Corp.,*
940 F.2d 99 (4th Cir., 1991) ........................................................................................ 10

**STATUTES**
29 U.S.C. §185 ................................................................................................................... 1

**RULES**
FRCP 12(b)(1) ............................................................................................................ passim
FRCP 12(b)(6) ...................................................................................................... 1, 3, 10

## NOTICE OF MOTION AND MOTION

TO PETITIONER EAST BAY AUTOMOTIVE COUNCIL AND ITS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on January 3, 2005, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 12 of the above-entitled Court, located at 1301 Clay Street, Oakland, California, Respondent Q & S Automotive, LLC will, and hereby does, move the Court for an order dismissing the petition to compel arbitration brought by Petitioner East Bay Automotive Council. Respondent makes this motion pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that:

1.  The Court lacks jurisdiction under Section 301 of the Labor Management Relations Act (29 U.S.C. §185 *et. seq.*) to entertain the Union's petition to compel arbitration;

2.  The Union's petition to compel arbitration, on its face, fails to state a claim upon which relief can be granted; and

3.  The Union has waived it right to petition the Court to compel arbitration.

The motion is based on this notice, the memorandum of points and authorities set forth below, the Declaration of Philip Paturzo, upon any oral argument that may be heard and all pleadings and papers on file in this action.

The relief sought is an order dismissing the Union's petition to compel arbitration.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Respondent Q & S Automotive, LLC (hereinafter "the Employer") brings this motion to dismiss Petitioner East Bay Automotive Council's (hereinafter "the Union") petition to compel arbitration under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). The Union filed its petition to compel arbitration under Section 301 of the Labor Management Relations Act, 29 U.S.C. §185 ("Section 301"), which provides district courts with jurisdiction over "suits for violation of <u>contracts</u> between an employer and labor organizations." 29 U.S.C. 185(a) (emphasis added).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

1.

RESPONDENT'S MOTION/MPA IN SUPPORT OF MOTION TO DISMISS           Case No. C-04-4015 TEH

Here, there is no contract between the Employer and the Union under which an arbitration could be conducted. The Union's apparent reliance on the collective bargaining agreement of a separate predecessor entity (or entities) is entirely misplaced. As the Union admitted, the Employer is a successor as defined by the Supreme Court in *NLRB v. Burns International Security Services, Inc.*, 406 U.S. 272, 294 (1972). It is well established that a successor is not required to assume the substantive provisions of its predecessor's collective bargaining agreement. *Id.* In light of the fact that the Union has not established that the Employer voluntarily assumed the collective bargaining agreement(s) of a predecessor, or is an alter ego of a predecessor, the Court cannot force the Employer to submit to arbitration absent the existence of a contract. *Carpenters 46 Northern Cal. Counties Conference Bd. v. Zcon Builders*, 96 F.3d 410, 415 (9th Cir. 1996).

In essence, the Union is attempting to have the Court establish and create a contractual relationship between the Employer and the Union. The Union does so under the guise of presenting a "contract interpretation" question for an arbitrator to decide. Such an end run cannot be permitted. Accordingly, absent proof of a valid contract, this Court lacks jurisdiction under FRCP 12(b)(1) and the Union's petition must be dismissed.

In addition, the Court lacks jurisdiction because the Employer's bargaining unit employees have filed a decertification petition with the National Labor Relations Board ("NLRB") claiming that they no longer wish to be represented by the Union. The employees' decertification petition raises a representational issue that falls squarely within the primary jurisdiction of the NLRB. *United Association of Journeymen & Apprentices of the Plumbing & Pipefitting Industry v. Valley Engineers*, 975 F.2d 611, 613 (9th Cir. 1992). The Ninth Circuit has repeatedly held that courts must refuse to exercise jurisdiction over claims involving representational issues. *Id.* The Ninth Circuit's deference to the NLRB in such cases stems from the principle that an administrative agency should decide issues falling within its expertise. *Burke v. French Equipment Rental, Inc.*, 687 F.2d 307, 311 (9th Cir. 1982). Thus, the Union's petition must be dismissed, or in the alternative, these proceedings should be stayed pending resolution of the decertification petition currently before the NLRB.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

2.

RESPONDENT'S MOTION/MPA IN SUPPORT OF MOTION TO DISMISS          Case No. C-04-4015 TEH

The Union's petition must also be dismissed because it fails to state a claim upon which relief can be granted under FRCP 12(b)(6). Again, on its face, the Union's petition fails to demonstrate that a contractual relationship exists between the Employer and the Union. The Union's scant petition implies that the Employer is bound to its predecessors' collective bargaining agreement(s) through a "successorship clause" contained therein. However, the Supreme Court and the Ninth Circuit have held that a successorship clause cannot serve to bind a successor to its predecessor's contract. *Howard Johnson Co., Inc. v. Detroit Local Joint Exec. Bd.*, 417 U.S. 249, 258 (1974); *Laborers Health and Welfare Trust for Northern California v. Diablo Landscape Inc.*, 10 Fed. Appx. 421, 424 (9th Cir. 2001). Moreover, the Union has waived its right to rely on predecessors' agreements by insisting upon, and engaging in, negotiations with the Employer for a first collective bargaining agreement.

## II.   SUMMARY OF MATERIAL FACTS

On or about May 5, 2004, the Employer's asset purchase of Broadway Auto Acquisition, LLC d/b/a Val Strough Mazda and NAC-2000, LLC d/b/a Negherbon Porsche-Audi (hereinafter referred to as the Employer's "predecessors") was finalized.[1] The aforementioned dealerships were party to two separate collective bargaining agreements with the Union. The Employer brought the different stores together into adjacent facilities in Oakland. At the same time, the Employer renamed these dealerships Porsche of Oakland, Audi of Oakland and Mazda of Oakland. The Employer also exercised its right to set the initial terms and conditions of employment covering the employees at these dealerships.

On April 20, 2004, the Union sent a letter requesting that the Employer immediately recognize and bargain with the Union. After the Employer verified that it had hired a majority of the predecessors' bargaining unit employees -- thereby triggering an obligation to bargain with the Union, the Employer promptly informed the Union that it stood ready to bargain for a new collective bargaining agreement. On June 8, 2004, the parties commenced negotiations. The parties have subsequently met six times to negotiate a first contract, most recently on November 18.

---

[1] NAC-2000, LLC and Broadway Auto Acquisition, LLC, remain viable corporate entities. These corporations were not merged into Q & S Automotive, LLC.

3.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

RESPONDENT'S MOTION/MPA IN SUPPORT OF MOTION TO DISMISS       Case No. C-04-4015 TEH

On May 26, 2004, the Union sent a letter to the Employer demanding that it proceed to arbitration based on the Employer's refusal to assume its predecessors' collective bargaining agreements. On June 4, the Employer responded by informing the Union that it was not obligated o assume, and did not voluntarily assume, its predecessors' collective bargaining agreements. Thus, the Employer was free to implement its initial terms and conditions of employment (which it did), and there was no collective bargaining agreement in place under which to proceed to arbitration.

On October 26, 2004, the bargaining unit employees filed a decertification petition with Region 32 (Oakland) of the NLRB. A true and correct copy of the bargaining unit employees' petition for decertification is attached to the Declaration of Philip Paturzo as Exhibit A.[2] In other words, a substantial number of bargaining unit employees have asserted that they no longer wish to be represented by the Union. Typically, the NLRB would set an election date for the unit employees to vote on whether or not they wish to be represented by the Union. Due to an unfair labor practice charge filed by the Union, the processing of the unit employees' decertification petition has been postponed indefinitely, pending resolution of the Union's charge. If the charge is dismissed, the election will be scheduled within 20 to 30 days.

On September 22, 2004, the Union filed its petition to compel arbitration under Section 301. In response to the Union's letter dated September 24, the Employer agreed to waive service pursuant to FRCP 4(d).

### III.   LEGAL ARGUMENT

#### A.   The Union's Petition To Compel Should Be Dismissed Because The Court Lacks Subject Matter Jurisdiction To Entertain It.

It is an axiomatic principle of labor law that arbitration is a matter of a contract and a party cannot be required to submit to arbitration any dispute which it has not agreed so to submit. *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363, U.S. 574, 582 (1960). In this case, the Union has failed to present any evidence demonstrating that the Employer is bound to a collective bargaining agreement. Instead, the Union has put the cart before the horse, and demanded

---

[2] The Ninth Circuit has adopted the rule that when a plaintiff fails to introduce a pertinent document as part of a complaint, a defendant may introduce the exhibit as part of a motion attacking the complaint. *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

4.

arbitration before proving the existence of a contract. In effect, the Union is requesting that the Court create a contractual relationship between the parties by granting its petition to compel arbitration. Given the Union's failure to establish the existence of a contract between the Employer and the Union, the Court lacks jurisdiction under FRCP 12(b)(1).

This Court also lacks jurisdiction under Section 301 to entertain the Union's petition because the dispute at its core involves questions of a representational matter, and the NLRB possesses primary authority to pass on questions of representation. *United Association of Journeymen & Apprentices of the Plumbing & Pipefitting Industry v. Valley Engineers*, 975 F.2d 611, 613 (9th Cir. 1992); *Local No. 3-193 International Woodworkers of America v. Ketchikan Pulp Company*, 611 F.2d 1295, 1299 (9th Cir. 1980).

   1.   **The Employer Is Not Party To A Collective Bargaining Agreement, Thereby Precluding The Court To Compel Arbitration.**

It is well settled that because the duty to arbitrate is contractual in origin, a party cannot be forced to submit to arbitration before a judicial determination is made that a collective bargaining agreement creates such a duty. *See Carpenters, 46 Northern Cal. Counties Conference Bd. v. Zcon Builders*, 96 F.3d 410, 415 (9th Cir. 1996); *NLRB v. Fin. Inst. Employees*, 475 U.S. 192, 202 (1986) (threshold issue is whether successor employer is bound by its predecessor's collective bargaining agreement). Yet, this is exactly the backdoor result requested by the Union here. It is undisputed that the Employer has not agreed upon or signed any Union contract. Rather, the Union asks this Court to impose a contract on the Employer in the absence of any evidentiary hearing.

The Union admits that the Employer is a successor as that term is defined in *NLRB v. Burns International Security Services, Inc.*, 406 U.S. 272, 294 (1972). (Petition at ¶8). A successor in an assets purchase is free to set initial terms on which it will hire the employees of its predecessor. *Burns, supra*, 406 U.S. at 294. The underlying purpose of this principle is to safeguard the rights of a successor to make substantial changes in the operation of the enterprise without deference to the collective bargaining agreement of its predecessor. This is exactly what the Employer did here, after it purchased the assets of its predecessors' dealerships. *Id.* at 287-288; *see also, Golden State Bottling Co. v. NLRB*, 414 U.S. 168, 182 (1973).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

5.

RESPONDENT'S MOTION/MPA IN SUPPORT OF MOTION TO DISMISS          Case No. C-04-4015 TEH

More importantly, it is well established that a successor is <u>not</u> bound by the substantive provisions of the predecessor's collective bargaining agreement. *Burns, supra,.* at 284. Instead, a successor becomes bound to its predecessor's contract only if it voluntarily assumes the contract, either expressly or impliedly. *Burns, supra*, 406 U.S. at 283, 287, *citing H.K. Porter Co. v. NLRB*, 397 U.S. 99, 108 (1970); *see also, Riehl Estate Management Co.*, 278 NLRB 393, 394 (1986). Here, the Employer repeatedly and unequivocally rejected the Union's demands that the Employer abide by the terms and conditions of its predecessors' collective bargaining agreements. This fact is not in dispute.

A *Burns* successor is not, however, without any obligations to the union. If a successor hires a majority of its predecessor's bargaining unit employees (as the Employer did here), it merely triggers an obligation to bargain with the union under Section 8(a)(5) of the National Labor Relations Act. *Burns, supra*, 406 U.S. at 278-279. The Employer met its bargaining obligation and promptly commenced negotiations with the Union for a first contract covering its predecessors' unit employees. In fact, the Union insisted upon starting negotiations for a new contract, by which it effectively conceded that a bargaining obligation was the extent of the Employer's duty to the Union as a successor. As shall be discussed below, the Union waived its right to later claim that the Employer was bound to its predecessors' collective bargaining agreements after it began, and as it continues, to bargain with the Employer for a first contract.

Viewed objectively, the Union's petition to compel arbitration fails to state a basis upon which arbitration can be granted by the Court. By the Union's own admission, the Employer is a *Burns* successor (Petition at ¶8) and, as such, <u>is not bound</u> by its predecessors' collective bargaining agreements. Moreover, the Employer did not voluntarily assume its predecessors' contracts. Therefore, the only way for the Employer to be bound to its predecessors' agreements is through a finding that it is an alter ego of its predecessors. *Burns, supra*, 406 U.S. at 291. Importantly, the Union did not ever raise the issue of alter ego in its petition. It is likely that the Union did not pursue such an allegation because the Ninth Circuit has consistently held that whether a successor is bound to the terms of a predecessor's contract as an alter ego is a question for the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

6.

RESPONDENT'S MOTION/MPA IN SUPPORT OF MOTION TO DISMISS   Case No. C-04-4015 TEH

NLRB or the courts, <u>not</u> an arbitrator. *See Zcon Builders, supra*, 96 F.3d at 414-15; *Sheet Metal Workers Int'l Ass'n, Local 359 v. Arizona Mech. & Stainless, Inc.*, 863 F.2d 647, 653 (9th Cir. 1988).

Simply put, the Union's petition to compel arbitration is a transparent attempt to get the question of whether the Employer is bound by its predecessors' collective bargaining agreements before an arbitrator. The Union seeks to defy the law in this Circuit, and circumvent any evidentiary determination by the NLRB or the courts. Neither the NLRB nor a court has found that a contract exists here. The Employer certainly hasn't agreed to or signed any contract. Without the existence of a contract, the Court lacks subject matter jurisdiction over this matter under FRCP 12(b)(1). Accordingly, the Union's petition must be dismissed.

### 2. The NLRB, Within Its Primary Jurisdiction, Is Currently Processing A Challenge To The Union's Representational Status Which Could Potentially Eliminate The Union's Standing To Petition The Court To Compel Arbitration.

The Union asserts that it has standing in this matter as a labor organization that represents the Employer's bargaining unit employees. (Petition at ¶2). However, on October 26, 2004, a requisite number of employees filed a petition for decertification with the NLRB claiming that they no longer wished to be represented by the Union. Because the unit employees' decertification petition is currently pending before the NLRB, there is now a representational dispute that could eliminate the Union's standing to compel arbitration.

The Ninth Circuit has "recognized repeatedly that courts must refuse to exercise jurisdiction over claims involving representational issues." *Valley Engineers, supra*, 975 F.2d at 613; *Hotel and Restaurant Employees Union v Marriot Corp.*, 961 F.2d 1464, 1468 (9th Cir. 1992). In fact, it is well established that the NLRB enjoys <u>primary jurisdiction</u> over all representational issues. *Id.; see also, Tamburello v. Comm-Tract Corp.*, 67 F.3d 973, 976 (1st Cir. 1995). "The doctrine of primary jurisdiction is a recognition of congressional intent to have matters of national labor policy decided in the first instance by the [NLRB]," *Valley Engineers, supra*, 975 F.2d at 613, and "[i]n the areas of the NLRB's primary jurisdiction, the district courts must tread lightly." *Id.* The judiciary's deference is rooted in an administrative agency's (the NLRB) ability to resolve issues falling within its expertise. *United States v. Western Pacific R.R. Co.*, 352 US 59, 63-64

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

7.

RESPONDENT'S MOTION/MPA IN SUPPORT OF MOTION TO DISMISS      Case No. C-04-4015 TEH

(1956); *Burke v. French Equipment Rental, Inc.*, 687 F.2d 307, 311 (9th Cir. 1982) ("The desire to protect the primary jurisdiction of the NLRB flows from the need to maintain centralized administration of the NLRA by a specialized agency. Labor law involves many difficult questions of policy best left to the agency that has the expertise needed to solve them"); *Local 1547, Int'l Bhd. of Elec. Workers v. Local 959, Int'l Bhd. of Teamsters*, 507 F.2d 872, 877 (9th Cir. 1975).

In its Petition, the Union relies upon Section 301 of the LMRA as the basis for this Court's jurisdiction. (Petition at ¶1.) However, the fact "[t]hat the federal courts have concurrent jurisdiction over section 301 cases...complicates the [primary jurisdiction] analysis somewhat, but <u>does not change the outcome</u>," *Id.* at 613 (emphasis added). Indeed, the Ninth Circuit's "declaration of [the] strong policy of judicial deference to initial determination by the NLRB of representation issues is equally applicable to actions under Section 301." *Ketchikan, supra*, 611 F.2d at 1299.

Here, the Union filed its petition to compel arbitration before the unit employees' filed their decertification with the NLRB. The filing of the decertification petition implicates a representational issue that falls squarely within the NLRB's primary jurisdiction. The Ninth Circuit has held that questions regarding whether a union represents employees is properly left to the NLRB. *Int'l Bhd. of Elec. Workers, Local 532 v. Brink Construction Co.*, 825 F.2d 207, 213 (9th Cir. 1982). Thus, the Union's reliance on Section 301 is no longer applicable and the Court should defer to the NLRB's expertise. Accordingly, the Court does not possess jurisdiction over the petition and, consistent with FRCP 12(b)(1), the petition must be dismissed in its entirety.

   **3. Allowing The Union's Petition To Proceed Would Be Futile And Serve To Only Waste The Court's Resources.**

The decertification petition filed by the unit employees will ultimately place the issues raised by the Union in its petition to compel arbitration before the NLRB for final determination. By its petition, the Union claims that the Employer is bound by its predecessors' collective bargaining agreements. These collective bargaining agreements are not set to expire until June 30, 2005. (Petition at ¶¶4-5).

The NLRB has consistently held that when a petition is filed for a representation election (in this case through the employees' decertification petition) among a group of employees

8.

who are covered by a collective bargaining agreement, the NLRB must decide whether the asserted contract exists. *Seton Medical Center*, 317 NLRB 87 (1995); *Hexton Furniture Co.*, 111 NLRB 342 (1955). If the Board finds that the contract does exist, the contract is held to bar an election. *Id.* This is known as the "contract-bar" doctrine.

If the Employer, as the Union asserts in its petition, is bound by its predecessors' collective bargaining agreements, then the contract bar will apply here, and the unit employees' decertification petition will be dismissed. Under this scenario, the NLRB will properly exercise its jurisdiction to determine whether the Employer is bound by its predecessors' collective bargaining agreements. Significantly, to date, the Union has <u>not</u> invoked the contract bar doctrine to block the employees' decertification petition.

The only logical conclusion to be drawn from the Union's failure to invoke the contract bar doctrine is that the NLRB would <u>not</u> find that the Employer is bound by its predecessors' collective bargaining agreements. Moreover, the Union's failure to avail itself of the contract bar doctrine is entirely inconsistent with its petition to compel the Employer to proceed to arbitration pursuant to its predecessors' contracts. In other words, if the Union does not assert the contract bar to the employees' decertification petition, it thereby concedes that the Employer is not bound by its predecessors' collective bargaining agreements and its petition to compel arbitration is moot.

In sum, the decertification petition filed by the unit employees with the NLRB will ultimately and inevitably involve issues identical to those presented by the Union's petition currently before the Court. Therefore, it behooves the Court to give deference to the NLRB's expertise and decline to act. *Western Pacific R.R. Co., supra*, 352 US at 63-64; *Local 1547, Int'l Bhd. of Teamsters, supra*, 507 F.2d at 877. In the alternative, if the Court finds that it still shares concurrent jurisdiction with the NLRB, it should stay its own proceedings pending resolution of the NLRB dispute in the interests of judicial efficiency and to avoid the possibility of conflicting judgments. *Northern California Dist. Council of Hod Carriers, Building and Constr. Laborers, AFL-CIO v. Opinski*, 673 F.2d 1074, 1075 (9th Cir. 1982).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

9.

RESPONDENT'S MOTION/MPA IN SUPPORT OF MOTION TO DISMISS        Case No. C-04-4015 TEH

B.  **The Union's Petition To Compel Arbitration Should Be Dismissed Under FRCP 12(b)(6) For Failure To State A Claim Upon Which Relief Can Be Granted.**

Assuming, *arguendo*, that this Court does not lack jurisdiction to decide this dispute, the Union's petition to compel arbitration must be dismissed for failure to state a claim upon which relief can be granted. As demonstrated above, the Union's petition, on its face, fails to sets forth facts sufficient to establish that the Employer is bound to a collective bargaining agreement with the Union. Given the Union's failure to meet this prerequisite, the Court cannot order the Employer to arbitration.

Viewed in the most favorable light, the Union's petition to compel arbitration seems to rely on the "successorship clause" in one of the predecessor's collective bargaining agreements as a means to bind the Employer.[3] (Petition at ¶9; Exhibit A). However, the Union's reliance on the successorship clause is misplaced. In fact, the Supreme Court has expressly held that the existence of a successorship clause in a collective bargaining agreement between the predecessor and the union cannot bind the successor to the substantive terms of the agreement. *Howard Johnson Co., Inc. v. Detroit Local Joint Exec. Bd.*, 417 U.S. 249, 258 (1974); *Laborers Health and Welfare Trust for Northern California v. Diablo Landscape Inc.*, 10 Fed. Appx. 421, 424 (9th Cir. 2001) ("Indeed, even a successorship clause in [the predecessor's] collective bargaining agreement would not suffice to bind [the successor] and its employees"). Therefore, for this independent reason, the Union's petition to compel arbitration must be dismissed for failure to state a claim upon which relief can be granted under FRCP 12(b)(6).

---

[3]  To state a claim to compel arbitration under the FAA, the plaintiff must allege (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute. *Whiteside v. Teltech Corp.*, 940 F.2d 99, 101-102 (4th Cir., 1991). Here, the Union failed to attach an arbitration provision to its petition to compel arbitration. Thus, the Union's petition should be dismissed on these grounds alone. Moreover, the Union alleges that the Employer is bound to both of its predecessors' collective bargaining agreements, yet it only attached excerpts from one contract. (Petition at ¶9; Exhibit A). The Union's blatant attempt to cherry pick from the Employer's predecessors' contracts cannot be condoned. Furthermore, the Union's attempt to take one contract and apply it to a group of employees previously covered by two separate contracts implicates representational and unit clarification issues that fall solely within the NLRB's primary jurisdiction. *South Prairie Construction Co. v. Local No. 627, Int'l. Union of Operating Engineers*, 425 U.S. 800 (1976).

10.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

RESPONDENT'S MOTION/MPA IN SUPPORT OF MOTION TO DISMISS     Case No. C-04-4015 TEH

### C. The Union Has Waived Its Right To Assert That The Employer Is Bound By Its Predecessors' Collective Bargaining Agreements.

The Union's insistence upon, and engagement in, ongoing negotiations with the Employer for a first contract clearly constitutes a waiver of its right to demand arbitration under the Employer's predecessors' collective bargaining agreements. In order to find a waiver, the Court "must be convinced not only that the (party seeking arbitration) acted inconsistently with that arbitration right, but that (the objecting party) was prejudiced by this action." *Shinto Shipping Co., Ltd. v. Fibrex & Shipping Co., Inc.*, 572 F.2d 1328, 1330 (9th Cir. 1978).

In this case, the parties have had six bargaining sessions for a new collective bargaining agreement. Not only have the parties met six times, with another bargaining session scheduled, but the Union actually insisted that the parties commence bargaining. If the Union truly believed the Employer was bound by its predecessors' collective bargaining agreements it would have abstained from bargaining with the Employer and instead relied upon the predecessors' contracts. Thus, the first requirement for the Court to find a waiver has been clearly met, as the Union's insistence upon, and repeated engagement in, bargaining for a first contract, is directly inconsistent with its petition to compel arbitration.

The Employer has also been prejudiced by the Union's actions. By meeting with the Union, the Employer has expended significant time and resources towards reaching a first collective bargaining agreement. In essence, the Union has been engaging in collective bargaining with its fingers crossed behind its back. Ostensibly, the Union is bargaining with the Employer in an attempt to reach a new contract that is more favorable than the collective bargaining agreements it reached with the Employer's predecessors. Yet, while engaging in negotiations, the Union has reserved the "right" to fall back upon the predecessors' contracts if it is unsuccessful in reaching a more favorable settlement.

In addition, the Employer is subject to significant financial harm as a result of the Union's actions. As stated above, the Employer exercised its right as a successor to set its initial terms and conditions of employment. The Employer's terms did not include payment into the Union's health and welfare and pension trust funds, which its predecessors contributed into on

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

11.

RESPONDENT'S MOTION/MPA IN SUPPORT OF MOTION TO DISMISS          Case No. C-04-4015 TEH

behalf of unit employees. If the Court were to compel arbitration, the implication would clearly be that the Employer is bound to its predecessors' contracts. As a result, the Employer would owe over $140,000 in back contributions to date—with that amount increasing by approximately $30,000 per month moving forward. Therefore, the Union's "bait and switch" tactic whereby it began negotiating a new contract with the Employer and subsequently sought to rely on the predecessors' agreements, could cause the Employer substantial harm.

Without question, the Employer has been prejudiced by the Union's blatant attempt to have its cake and eat it too. Thus, the second requirement for the Court to find a waiver has been met. Accordingly, the Court should exercise its discretion to find that the Union has waived its right to petition the Court to compel arbitration and dismiss the Union's petition with prejudice. *See Martin Marietta Alum. Inc. v. General Elec. Co.*, 586 F.2d 143, 146 (9th Cir. 1978) ("Waiver is an issue to be determined by the court, based upon the facts and circumstances relied upon").

## IV.   CONCLUSION

For all of the foregoing reasons, the Employer respectfully requests that the Union's petition to compel arbitration be dismissed with prejudice, and that fees and costs be awarded to the Employer.

Dated: November 23, 2004

ROBERT G. HULTENG
PHILIP R. PATURZO
LITTLER MENDELSON
A Professional Corporation
Attorneys for Respondent
Q & S AUTOMOTIVE, LLC

San_Francisco:31241700.1 047204.1000