ROBERT G. HULTENG, Bar No. 071293
PHILIP R. PATURZO, Bar No. 209304
DENISE C. BARTON, Bar No. 215192
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108
Telephone:  415.433.1940
Fax:  415.434.2302

Attorneys for Respondent
Q & S AUTOMOTIVE, LLC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAST BAY AUTOMOTIVE COUNCIL, | Case No. C-04-4015 TEH |
| Petitioner, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS THE UNION'S PETITION TO COMPEL ARBITRATION** |
| v. | |
| Q & S AUTOMOTIVE, LLC, | |
| Respondent. | Date:       February 28, 2005<br>Time:       10:00 a.m.<br>Courtroom:  12, 19th Floor |

Pursuant to Federal Rule of Evidence 201, Respondent Q & S Automotive, LLC asks

the Court to take judicial notice of the following document:

Exhibit  A:    June  25,  2005  Stipulated  Election  Agreement,  in  NLRB  Case

No. 32-RM-797, signed by representatives of both parties and the National Labor Relations Board

setting a representation election for August 29, 2005.

Dated: August ⁴⁄, 2005

_Robt O. Hulte_
ROBERT G. HULTENG
PHILIP R. PATURZO
DENISE C. BARTON
LITTLER MENDELSON
A Professional Corporation

Firmwide:80294034.1 047204.1008

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA  94108.2693
415.433.1940

# Exhibit A

Form NLRB-652

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD

# STIPULATED ELECTION AGREEMENT

The parties agree that a hearing is waived, that approval of this Agreement constitutes withdrawal of any notice of hearing previously issued in this matter, that the petition is amended to conform to this Agreement, and further AGREE AS FOLLOWS:

1.    SECRET BALLOT.  A secret-ballot election shall be held under the supervision of the Regional Director in the unit defined below at the agreed time and place, under the Board's Rules and Regulations.

2.    ELIGIBLE VOTERS.  The eligible voters shall be unit employees employed during the payroll period for eligibility, including employees who did not work during that period because they were ill, on vacation, or temporarily laid off, employees engaged in an economic strike which commenced less than 12 months before the election date and who retained their status as such during the eligibility period and their replacements, and employees in the military services of the United States who appear in person at the polls.  Ineligible to vote are employees who have quit or been discharged for cause since the payroll period for eligibility, employees engaged in a strike who have been discharged for cause since the commencement thereof and who have not been rehired or reinstated before the election date, and employees engaged in an economic strike which commenced more than 12 months before the election date and who have been permanently replaced.  The employer shall provide to the Regional Director, within 7 days after the Regional Director has approved this Agreement, an election eligibility list containing the *full names and addresses* of all eligible voters.  *Excelsior Underwear, Inc.*, 156 NLRB 1236 (1966); *NLRB v. Wyman-Gordon Company*, 394 U.S. 759 (1969); *North Macon Health Care Facility*, 315 NLRB No. 50, fn. 17 (1994).  The list text must be of sufficiently large type to be clearly legible.

3.    NOTICE OF ELECTION.  Copies of the Notice of Election shall be posted by the Employer in conspicuous places and usual posting places easily accessible to the voters at least three (3) full working days prior to 12:01 a.m. of the day of the election.  As soon as the election arrangements are finalized, the Employer will be informed when the Notices must be posted in order to comply with the posting requirement.  Failure to post the Election Notices as required shall be grounds for setting aside the election whenever proper and timely objections are filed.

4.    ACCOMMODATIONS REQUIRED.  All parties should notify the Regional Director as soon as possible of any voters, potential voters, or other participants in this election who have handicaps falling within the provisions of Section 504 of the Rehabilitation Act of 1973, as amended, and 29 C.F.R. 100.603, and who in order to participate in the election need appropriate auxiliary aids, as defined in 29 C.F.R. 100.603, and request the necessary assistance.

5.    OBSERVERS.  Each party may station an equal number of authorized, nonsupervisory-employee observers at the polling places to assist in the election, to challenge the eligibility of voters, and to verify the tally.

6.    TALLY OF BALLOTS.  Upon conclusion of the election, the ballots will be counted and a tally of ballots prepared and immediately made available to the parties.

7.    POSTELECTION AND RUNOFF PROCEDURES.  All procedures after the ballots are counted shall conform with the Board's Rules and Regulations.

8.    RECORD.  The record of this case shall include this Agreement and be governed by the Board's Rules and Regulations.

9.    COMMERCE.  The Employer is engaged in commerce within the meaning of Section 2(6) and (7) of the National Labor Relations Act and a question affecting commerce has arisen concerning the representation of employees within the meaning of Section 9(c).    *Insert commerce facts:*

The Employer, Q & S Automotive, a corporation d/b/a Porsche, Audi, Mazda of Oakland, operates a facility and office in Oakland, California, at which it is engaged in the sales and service of automobiles.

During the past twelve months the Employer has received gross revenues in excess of $500,000, from sales of automobiles to retail customers located in the State of California.  During the same period the Employer directly purchased and received products, valued in excess of $50,000, from suppliers located outside of the State of California.

1

Form NLRB-652

10.  **WORDING ON THE BALLOT.** When only one labor organization is on the ballot, the choice shall be "Yes" or "No".

11.  PAYROLL PERIOD FOR ELIGIBILITY.
The period ending July 23, 2005.

12.  DATE, HOURS, AND PLACE OF ELECTION.

Date:          Monday, August 29, 2005

Time(s):       10:00 AM  to 10:30 PM

Location:      Employer's premises
2345 Broadway
Oakland, California

13.  THE APPROPRIATE COLLECTIVE-BARGAINING UNIT.

All full-time and regular part-time technicians and service advisors, painters, and parts department employees employed by the Employer at its Oakland, California facility; *excluding* all managerial and administrative employees, salespersons, office clerical employees, all other employees, guards, and supervisors as defined in the Act.

Q & S Automotive, d/b/a
Porsche, Audi, Mazda of Oakland
(Employer)

Automotive Machinists District Lodge 190, Local Lodge 1546, International Association of Machinists and Aerospace Workers, AFL-CIO; Auto, Marine and Specialty Painters Union, Local 1176, AFL-CIO; Teamsters Automotive Employees Union, Local 78, International Brotherhood of Teamsters
(Labor Organizations/Joint Representatives)

By  **/s/ Ellen Bronchetti**     **7/25/05**
        (Name)              (Date)

Title  **Attorney**

Recommended:

**/s/ Christopher J. Roberts**     **7/25/05**
        (Board Agent)        (Date)

By **/s/**    **David Rosenfeld**     **7/25/05**
        (Name)              (Date)

Title  **Attorney**

Date approved  **7/27/05**

**/s/  Alan B. Rechard**
Regional Director, National Labor Relations Board
Case  32-RM-797

2