IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAST BAY AUTOMOTIVE,<br><br>    Petitioner,<br><br>  v.<br><br>Q&S AUTOMOTIVE, LLC,<br><br>    Respondent.<br>_____/ | No. C 04-4015 TEH<br><br><br><br>**ORDER** |

     This matter comes before the Court on (1) petitioner's motion to compel arbitration, and (2) respondent's motion to dismiss. Having carefully considered the parties' written and oral arguments, the parties' supplemental submissions, and the record herein, the Court concludes that the motion to compel should be denied for the reasons set forth below. Accordingly, the Court need not reach respondent's motion to dismiss.

I. <u>BACKGROUND</u>

     In 2001, two car dealerships in Oakland, California – Broadway Auto Acquisition, LLC (dba Val Strough Chevrolet-Mazda-Hyundai), and NAC 2000, LLC (dba Negherbon Auto Center) – entered into collective bargaining agreements (CBAs) with the East Bay Automotive Council (hereafter "union"). Val Strough signed the CBA on behalf of Broadway Auto Acquisition ("Broadway Auto"). The CBAs, which were in effect from July 1, 2001 - June 30, 2005, contained the following "Employer's Representation":

> **ARTICLE XXV. EMPLOYER'S REPRESENTATION:**
>
> 1. The undersigned warrants, asserts, and agrees that this document is executed by him with full authority to represent

>and bind any firm, partnership, corporation or any other legal change, whatsoever, with respect to the Employer. Any obligation hereunder shall be binding upon any assign, successor, legal representative or lessee of such Employer.
>
>2. <u>Separability Clause</u>: If this Agreement is signed by the members of a partnership, it shall apply to them and each of them individually. In the event of a dissolution of, or termination of said partnership, or in the event of a merger, consolidation or any other legal change whatsoever with respect to any Employer, any obligation hereunder shall be binding upon any assign, successor, legal representative, or lessee of such Employer.

Cook Decl., Ex. A at Art. XXV; Ex. B at Art. XXIV.

In January and February 2004, Q&S Automotive, LLC ("Q&S") bought the two dealerships. Val Strough ("Strough") is currently a 49% owner of Q&S, while Bruce Qvale holds a 51% ownership interest. The asset purchase agreement states: "The parties acknowledge and agree that Purchaser [Q&S] is not assuming any employment agreements, labor agreements, collective bargaining agreements or other similar contracts." Qvale Decl., ¶ 3, Ex. B at 4-5; ¶ 4, Ex. C at 6.

In May 2004, Q&S failed to make health and welfare and pension contributions pursuant to the CBAs. When the union filed a grievance against Q&S with respect to this failure, Q&S responded that it is not a signatory to, and therefore not bound by, the CBAs and refused to arbitrate the grievance. Thereafter, on September 22, 2004, the union filed the instant petition to compel arbitration. Q&S responded by moving to dismiss the petition for lack of jurisdiction and failure to state a claim for relief. Each motion is taken in turn.

II. <u>PETITION TO COMPEL ARBITRATION</u>

As noted above, Q&S contends that it is not obligated to arbitrate the union's grievance because it is not a signatory to the CBAs, and thus is not bound to any arbitration provisions therein. The union argues that this threshold dispute – as to whether Q&S is bound to the CBAs – should also be resolved by an arbitrator, along with the underlying dispute. It is well settled, however, that courts, not arbitrators, are required to make the

threshold determination of whether a CBA binds both parties. *AT&T Technologies., Inc. v. Communications Workers*, 475 U.S 643, 649 (1986) (question of whether parties are bound to agreement to arbitrate "is to be decided by the court, not the arbitrator"); *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543 (1964) (court to decide whether collective bargaining agreement survived a merger so as to bind the surviving corporation); *Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 v. Interstate Distributor Co.*, 832 F.2d 507, 510 (9th Cir. 1987) ("If the parties disagree as to whether they ever entered into any arbitration agreement at all, the court must resolve that dispute").  This principle has been specifically applied to the circumstances present here. *See Service Hospital, Nursing Home and Public Employees Union, Local No. 47 v. Commercial Property Services, Inc.,* 755 F.2d 499, 504 (6th Cir. 1985)(holding that "a district court may not order a non-signatory to arbitrate a labor dispute absent a specific finding [by the court] that the relationship between the [non-signatory] and the party bound to the agreement is such that it too is bound to arbitrate").          The union argues that because it is relying on the "Employer Representative" provisions in the CBAs, quoted in the Background section above, to support its argument that Q&S is bound to the CBAs, that the matter should be resolved by an arbitrator rather than the Court.  The union is, of course, free to rely on any admissible evidentiary source to support its argument.  The fact that it chooses to rely on a provision of a CBA, however, does not change the fundamental rule, set forth above, that a court is required to make the threshold determination of whether there is a binding contractual relationship between the union and Q&S.  Nor has petitioner cited any case law that supports a departure from this well established principle in this instance.  Accordingly, we readily reject the union's contention that the question of whether Q&S is bound to the CBAs, and must therefore be compelled to arbitrate, is a matter for the arbitrator to decide.[1]

---

[1] On April 25, 2005, petitioner submitted a notice of recent decision without prior Court approval in violation of Civil Local Rule 7-3(d).  Even were the Court to consider the decision on the merits, it agrees with respondent that it is not persuasive authority.  The unpublished decision, *Road Sprinkler Fitters Local Union v. Cosco*

3

The union alternatively argues that, if the threshold contract formation issue is a question for the Court, then the Court should find that Q&S is bound to the CBAs, and thus compel Q&S to arbitrate. Accordingly, the Court turns to the merits of this issue.

The law is clear that where an employer, such as Q&S, hires a majority of the predecessor's employees and continues with the same general operations, it is considered a "successor" employer, and must therefore bargain with any existing union for purposes of reaching a new collective bargaining agreement. *Fall River Dyeing & Finishing Corp. v N.L.R.B.*, 482 U.S. 27, 43 (1987); *Southward v. South Central Ready Mix Supply Corp.*, 7 F.3d 487, 495-96 (6th Cir. 1993); *New England Mechanical, Inc.*, 909 F.2d 1339, 1342 (9th Cir. 1990); *Trustees of the Bay Area Painters & Tapers Pension Fund v. Bay Area Painting & Decorating*, 1994 WL 387871 * 2, *4 (N.D. Cal.). In this case, Q&S does not dispute that it is a "successor" employer.

Successor employers, are not, however, ordinarily bound to the existing CBA between the union and its predecessor – even where the CBA expressly provides that it will binding upon successor employers. *Howard Johnson Co. Inc., v. Detroit Joint Local Executive Bd.,* 417 U.S. 249, 258 (1974); *N.L.R.B. v. Burns Int'l Sec. Services, Inc.,* 406 U.S. 272, 283-84, 287 (1972). "In general, if an employer takes over another business, the employer is not bound by its predecessor's collective bargaining agreements . . . At most, the [successor] employer will be required to bargain with any unions that the predecessor employer had recognized." *New England*, 909 F.2d at 1342 (citations omitted); *Bay Area Painters & Tapers Pension Fund*, 1994 WL 387871 *4.

---

*Fire Protection, Inc.*, 2005 WL 673275 (C.D. Cal.) held that an arbitrator should decide the union's claim against a non-signatory employer. The decision did not, however, address any of the authority cited above; furthermore, it is factually distinguishable in several respects, including the following: (1) the case did not involve a successor employer, (2), the motion to compel arbitration was brought by the union against a *signatory* employer *and* a non-signatory employer, the latter of which owned 100% of the signatory employer, and (3) the issue was not whether the non-signatory employer was bound to the agreement *per se*, but whether the work farmed out to the non-signatory employer was covered by the CBA.

4

The courts have recognized two exceptions to this rule: (1) where the successor employer either (1) expresses an intent to be bound to the predecessor's CBA(s), or (2) is an "alter ego" of the predecessor (or a "single employer"):

> Decisions of this court, like those of the Supreme Court, have repeatedly recognized that a successor corporation may be bound by the substantive terms of its predecessor's CBA *only if* the successor is the alter ego of the predecessor or the successor has expressly or impliedly assumed the obligations of its predecessor's contract.

*Southward*, 7 F.3d at 495, 496-97 (emphasis added); *New England*, 909 F.3d at 1342, 1343, 1346; *Sheet Metal Workers Intl. Ass'n, Local No. 359 v. Arizona Mechanical & Stainless*, 863 F.2d 647, 651 (9th Cir. 1988); *see also N.L.R.B. v. Advanced Stretchforming Int'l Inc.*, 233 F.3d 1176, 1184 (9th Cir. 2000) (concurring in part and dissenting in part); *Teamsters Automotive Employees Local Union No. 665 v. Ampco Parking*, 1994 U.S. Dist. Lexis 2545 (N.D. Cal.). The alter ego exception is intended to address situations where the successor employer is "a sham designed to avoid the obligations of a CBA or if the entities comprise an integrated enterprise." *Sheet Metal Workers,* 863 F.2d at 651. *See also New England*, 909 F.2d at 1343 ("If the successor employer is merely the alter ego of the predecessor employer, the difference between the two entities is based on technical structure rather than an actual change in ownership or management").

Here, the union fails to pursue either exception. With respect to the first, the union concedes that Q&S has never expressed an intent to be bound to the CBAs (and instead has expressed the opposite intent). With respect to the second, the union expressly states that "Petitioner here is *not* alleging Q&S is a alter ego of NAC 2000 and/or Broadway Auto Acquisition [sic]." Pet.'s Mtn to Compel Arbitration at 9 (emphasis added); *see also* Pet.'s Opp. to Mtn to Dismiss at 9-10 ("Petitioner here is not even alleging Q&S is an alter ego of NAC 2000 and/or Broadway Auto Acquisition"). Given the union's failure to assert that Q&S either expressed an intent to be bound or is an alter ego, the union can not demonstrate that Q&S is bound to the CBAs.

5

Notwithstanding the above, the union argues that this Court should nonetheless find that Q&S is bound to the CBA (without an alter ego finding) because there is a "substantial continuity of identity" between Q&S and Broadway Auto given that Strough signed the CBA for Broadway Automotive and is currently a 49% owner of Q&S. The union's effort to establish a contract on this ground is unavailing.

The phrase "substantial continuity of identity" arises from the Supreme Court's decision in *Wiley*, 376 U.S. 543. Courts since *Wilely,* however, have limited *Wiley* to its facts and, as discussed above, limited the circumstances in which a successor employer will be bound to a predecessor's CBA. *See e.g. AmeriSteel Corp. v. Int'l Brotherhood of Teamsters*, 267 F3.d 264 (3rd Cir. 2001); *New England*, 909 F.2d at 1342. Nor has the union argued, much less established, that the particular facts of *Wiley* are present here. It has not shown that Q&S merged with Broadway Auto such that the latter no longer exists, and that Q&S employed all of the employees of the predecessor companies. In fact, the record is to the contrary. *See e.g.* Strough March 25, 2005 Decl. at ¶¶ 4-5 (stating that Q&S did not merge with Broadway Auto, which remains a separate entity); Qvale Feb. 7, 2005 Decl. at ¶ 6; Cook Decl. at ¶ 12 and Ex. F (Asset Purchase Agreement between Q&S and Broadway Auto).

Finally, the union argues that Q&S is bound to the CBAs pursuant to the "Employer Representation" clauses quoted in the Background section above. This argument is misplaced. The first clause is no more than a "successor" clause purporting to bind a successor employer to the CBA. As noted above, the Supreme Court has ruled that such clauses do not bind a successor employer. *See Howard Johnson*, 417 U.S. at 258. Nor does the second clause individually bind Strough as a "member[] of a partnership," because Strough was not a partner in Broadway Auto. *See* Strough March 25, 2005 Decl. at ¶¶ 6-7 (Broadway Automotive is not a partnership, Strough was not a partner, and Strough signed the CBA on behalf of Broadway Automotive in his capacity as a manager).

In sum, this Court, not an arbitrator, must determine the initial question as to whether Q&S is contractually bound to the CBAs. Further, the union does not assert that

Q&S either expressed an intent to be bound or is an alter ego of the predecessor companies. Nor has it demonstrated that the case falls within the specific facts of *Wiley* or that any provision in the CBAs effectively bind Q&S. Accordingly, the union has presented no basis upon which to find that Q&S is bound to the CBAs. The union's motion to compel Q&S to arbitrate pursuant to the CBAs must therefore be denied.

III. RESPONDENT'S MOTION TO DISMISS

In light of this Court's ruling denying petitioner's motion to compel arbitration, the Court need not reach respondent's motion to dismiss.

IV. CONCLUSION

For the reasons set forth above, and good cause appearing, it is HEREBY ORDERED that:

1. Petitioner's motion to compel arbitration is denied.

2. Respondent's motion to dismiss is denied as moot.

3. The parties' respective requests for fees and costs are denied.

4. The parties' respective requests for judicial notice are denied.

5. This action is dismissed.

**IT IS SO ORDERED.**

Dated: 9/6/05

THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE